```
                    UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| MICHAEL DUBINKA, | ) | 1:08-cv-00660-OWW-JMD-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Michael Dubinka ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

In August 1992, a jury convicted Petitioner of one count of second-degree murder with a weapon enhancement for use of a knife. (Pet., Ex. B). The trial court sentenced Petitioner to a term of fifteen years to life for the second degree murder conviction and a one year term for the weapon enhancement.[1] (Id.)

On July 12, 2006, Petitioner appeared before the Board of Prison Terms ("parole board") for a parole suitability hearing. (Pet., Ex. A). The parole board found that Petitioner was not suitable for parole and issued a two-year denial of parole. (Id. at 98).

///

---

[1] It appears that Petitioner was sentenced to a consecutive one year term for the weapon enhancement, as the Superior Court characterized Petitioner's sentence as sixteen years to life in its denial of Petitioner's state habeas petition. (Pet., Ex. H).

Petitioner filed a petition for writ of habeas corpus in the Superior Court of California, Los Angeles County, on April 6, 2007. (Pet., Ex. H). The Superior Court denied the petition in a reasoned decision issued on September 13, 2007. (Id.).

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on October 11, 2007. (Pet., Ex. I). The Court of Appeal denied the petition with citation to three California cases. (Id.). Petitioner then filed a petition for review before the California Supreme Court. (Pet., Ex. J). The California Supreme Court summarily denied the petition on December 12, 2007.

On April 21, 2008, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court, Central District of California. (Pet. at 1). On May 12, 2008 the petition was transferred to the Eastern District. (Doc.1). Respondent filed an answer to the petition on August 21, 2008. Petitioner filed a traverse on August 26, 2008.

## Factual Background

A jury convicted Petitioner of the second degree murder of Jim Shirey, Petitioner's former lover. Petitioner does not challenge the legality of his conviction or his sentence. Rather, Petitioner contends that he has been denied parole in violation of his due process rights. Accordingly, the factual background relevant to the instant petition concerns the process Petitioner has been afforded with respect to his parole hearing and the basis of the parole board's finding that Petitioner was not suitable for parole.

In July 2006, Petitioner appeared before the parole board and received a parole suitability hearing. Petitioner was represented by counsel at the parole hearing and had an opportunity to be heard and to present evidence. The parole board found that Petitioner was not suitable for parole and denied Petitioner parole for a period of two years. The parole board based its decision primarily on Petitioner's commitment offense. The Los Angeles County Superior Court aptly summarized the essential facts of Petitioner's commitment offense in its order denying Petitioner's state habeas petition:

> The record reflects that on March 3, 1991, the Petitioner and Jim Shiry, his partner, became intoxicated after an evening of drinking alcohol and consuming cocaine and the drug ecstacy. At some point in the evening, the Petitioner became paranoid and

U.S. District Court
E. D. California

2

> apparently believed that he was being threatened by someone and that Mr. Shirey was involved in his paranoid perceptions. The two went to the roof of their dwelling. The Petitioner had a knife, and he stabbed the victim three times and killed him.

(Pet., Ex. H at 1). The parole board found that Petitioner's commitment offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering. The parole board also based its finding of unsuitability on Petitioner's two prior driving under the influence convictions, Petitioner's attempt to minimize the crime, discrepancies in Petitioner's account of the crime, and Petitioner's record of rules violations while incarcerated.

## **Discussion**

### **I. Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a)[2]; 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. See 28 U.S.C. § 2241(d).

Petitioner asserts that he is currently incarcerated at Avenal State Prison in Kings County, California, in violation of his right to due process under the United States Constitution. As Kings County is within the Eastern District of California, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

### **II. Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

### III.     Petitioner's Due Process Claim

#### A. The Due Process Framework

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of protected liberty interests without due process of law. See, e.g., Sass, 461 F.3d at 1127. The Court must "analyze Petitioner's due process claim in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Id. (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) partially overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).

California law vests prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date. Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007); Sass, 461 F.3d at 1128; McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002) (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979)); Biggs v. Terhune, 334 F.3d 910, 915 (2003). Although California's parole statute creates a liberty interest protected by the Due Process Clause, Irons, 306 F.3d at 903, "since the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in [a criminal prosecution proceeding] is not constitutionally mandated" in the parole context, Pedro v. Oregon Parole Bd., 825 F.3d 1396, 1399 (9th Cir. 1987). Due process requires that a parole board's

denial of parole to a prisoner be supported by "some evidence."[3] Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904. The requirement that the parole board's denial of parole to Petitioner be supported by some evidence is clearly established federal law.[4] See Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.

The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is not so devoid of evidence that the findings of...[the] board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457). In assessing whether the parole board's denial of parole to Petitioner is supported by "some evidence," the Court's analysis "is framed by the statutes and regulations governing parole suitability determinations in the relevant state... [a]ccordingly, here we must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by 'some evidence' in [Petitioner's] case constituted an unreasonable application of the 'some evidence' principle articulated in Hill." Irons, 505 F.3d at 851.

**B. Review of Petitioner's State Habeas Proceeding**

The Los Angeles Superior Court denied Petitioner's state habeas petition in a reasoned decision issued on September 13, 2007. As the California Court of Appeal and the California Supreme Court both denied Petitioner's state habeas petitions without analysis, the Court must "look through" the summary dispositions to the last reasoned decision issued by the state. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). Accordingly, the Court reviews the reasoned decision of the Los Angeles Superior Court denying Petitioner relief.

---

[3] The Ninth Circuit is currently considering the "some evidence" standard en banc. Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008) reh'g en banc granted, 527 F.3d 797 (2008).

[4] Respondent contends that no clearly established federal law requires that California parole decisions be supported by "some evidence." "The Supreme Court need not have addressed the identical factual circumstances at issue in a case in order for it to have created 'clearly established' law governing that case....rather, it is enough that the Supreme Court has prescribed a rule that plainly governs the petitioner's claim." McQuillion, 306 F.3d at 901 (citations omitted). The law of the Ninth Circuit holds that the "some evidence" requirement is clearly established federal law in the parole context . See Id.

The Superior Court held that the parole board's decision to deny Petitioner parole was supported by "some evidence" that Petitioner would pose an unreasonable risk of danger to society if released on parole. Section 2254 requires the Court to give considerable deference to state court decisions, Himes v. Thompson, 336 F.3d 848, 852-53 (9th Cir. 2003), and the state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1). The Court is bound by the state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537 U.S. 859 (2002). The Court must also defer to the state court's determination of the federal issues unless that determination is "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 74-75.

In its denial of Petitioner's state habeas petition, the Superior Court noted that the parole board's decision to deny Petitioner parole was based primarily on the nature of Petitioner's commitment offense. Both the California Supreme Court and the Ninth Circuit have commented that, in some instances, reliance solely on a prisoner's commitment offense to deny parole violates due process. See, e.g., Biggs, 334 F.3d 916-917 ("continued reliance...on...the circumstance of the offense and conduct prior to imprisonment...could result in a due process violation"); In Re Lawrence, 44 Cal. 4th 1181, 1202 (Cal. 2008) (where evidence of inmate's rehabilitation and suitability for parole is overwhelming, and commitment offense is both temporally remote and mitigated by circumstances indicating the conduct is unlikely to recur, the immutable circumstance that the commitment offense involved aggravated conduct does not provide "some evidence").[5] The Court need not determine whether Petitioner's commitment offense, standing alone, constitutes "some evidence" that the Petitioner currently poses an unreasonable risk of danger if released, as the Superior Court correctly noted that other relevant statutory criteria support the parole board's determination that Petitioner would pose an unreasonable risk of danger to society if released. See Sass, 461 F.3d at 1128 ("relevant question is whether there is *any* evidence in the record that could support the conclusion reached") (emphasis added); see also Biggs, 334 at 916 (despite the fact that

---

[5] The Court notes that at the time the parole board denied Petitioner parole in 2006, Petitioner had not yet served his minimum term. The Ninth Circuit has never held that a prisoner's due process rights are violated where a denial is based solely on a commitment offense prior to the expiration of the prisoner's minimum term. See Irons, 505 F.3d at 853-54.

several of the Board's reasons for denying parole were not supported by the record, some evidence as to one of the Board's reasons was sufficient to preclude habeas relief).

The Superior Court found that the parole board relied in part on Petitioner's lack of appreciation for his crime in denying Petitioner parole. California Code of Regulations title 15 section 2402(b) provides that the parole board *shall* consider the prisoner's "past and present attitude toward the crime." Section 2402(d)(3) also expressly directs the parole board to consider whether a prisoner "understands the nature and magnitude of the offense." At Petitioner's parole hearing, the presiding commissioner stated that, in the parole board's view, Petitioner was minimizing his crime and was not being honest about the events surrounding the crime. (Pet., Ex. A at 100). The parole board also found that Petitioner had not yet "come to grips with the causative factors that lead" to the crime. (Id. at 105-06). The parole board's finding that Petitioner was minimizing the crime and had not fully come to grips with the causative factors underlying the crime was based on discrepancies between Petitioner's statements at various parole hearings and Petitioner's attempt to allege involuntary intoxication. Because the parole board found that Petitioner was minimizing his crime and did not fully understand the nature and magnitude of his offense, the Court cannot say that the Superior Court's finding that "some evidence" supported the parole board's determination of present dangerousness was contrary to or an unreasonable application of clearly established federal law.

The Superior Court also found that the parole board's decision to deny Petitioner parole was based in part on Petitioner's criminal history, which consists of two driving under the influence convictions, and the fact that Petitioner was on probation for driving under the influence at the time of the commitment offense. Non-violent crimes may be considered by the board in determining parole suitability. See In re Bettencourt, 156 Cal.App. 4th 780, 803 (Cal. Ct. App. 2007) (consideration of non-violent criminal history permissible); CAL. CODE. REG. tit 15, § 2402(b). The fact that Petitioner decided to ingest cocain and ecstacy in violation of the terms of his probation for a substance abuse related offense "reveal[s] the 'repetitive and recidivist nature of his conduct,' which was 'a legitimate factor for the [b]oard to weigh in favor of a denial of parole.'" Id., (citing In re Fuentes, 135 Cal.App.4th 152, 163 (Cal. Ct. App. 2005)). While, as the Superior Court noted, Petitioner's criminal history is insufficient to establish unsuitability in and of itself, factors "which

| | |
|---|---|
|1| taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results |
|2| in a finding of unsuitability." CAL. CODE. REG. tit 15 § 2402(b).  Accordingly, because the parole |
|3| board found that Petitioner was minimizing his crime, was being untruthful with the parole board, |
|4| and has a history of substance abuse related offenses, the Court cannot say that the Superior Court's |
|5| finding that "some evidence" supported the parole board's determination of present dangerousness |
|6| was contrary to or an unreasonable application of clearly established federal law. |

## RECOMMENDATION

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 11, 2009**             /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE